UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
MICHAEL GOLDEN,                        :
                     Plaintiff,        :        06 CIV. 1587 (DLC)
                                       :
          -v-                          :          MEMORANDUM
                                       :        OPINION & ORDER
THE NEW YORK CITY DEPARTMENT OF        :
ENVIRONMENTAL PROTECTION,              :
                                       :
                     Defendant.        :
                                       :
-------------------------------------- X


Appearances:

Plaintiff Pro Se:

Michael F. Golden
40 Michigan Avenue
Massapequa, New York 11758

For Defendant:

Joshua R. Fay
Assistant Corporation Counsel
100 Church Street
New York, New York 10007


DENISE COTE, District Judge:

     Michael Golden ("Golden") has moved for reconsideration of

the December 3, 2007 Opinion dismissing his claim brought under

the Family Medical Leave Act ("FMLA").  For the following

reasons, the motion is denied.

BACKGROUND

Golden, who is proceeding pro se, is employed by the New York City Department of Environmental Protection ("DEP"). He sued the DEP, complaining principally of race, national origin, and disability discrimination. An Opinion of August 10, 2007 granted summary judgment to the defendant on the discrimination claims. Golden v. New York City Dep't of Envtl. Prot., No. 06 Civ. 1587 (DLC), 2007 WL 2319130 (S.D.N.Y. Aug. 10, 2007). The sole remaining claim was brought under the FMLA, and because the parties had not addressed the legal framework for an FMLA claim, the August 10 Opinion reserved decision on the portion of the summary judgment motion addressed to that claim and gave the parties an opportunity to submit additional briefs.

The plaintiff's FMLA claim arises from his absences from work due to a back injury. Golden claims that the DEP interfered with his FMLA rights when it failed to permit him to work fewer than seven hours a day on fifteen occasions when he arrived at work late. Golden asserts that he was late because he needed to rest his back or to avoid taking the subway at times when it was likely to be crowded.

The DEP allowed Golden to work on a flex-time schedule, but required him to work a full seven-hour day or submit a leave slip. Golden was advised of this policy orally and in writing. Golden does not deny that he sometimes came to work later than

7:30 a.m. and left by 3:30 p.m. without notifying his supervisor that he wanted to use leave time to work less than seven hours. In Golden's view, his regular work day ended at 3:30 p.m., regardless of what time he had arrived at work. In 2004, Golden was suspended for five days after an Office of Administrative Trials and Hearings proceeding for his absences from work without providing proper documentation and for use of profanity against supervisors.

An Opinion of December 3, 2007 granted summary judgment to the defendant on both prongs of the plaintiff's FMLA claim. As for the FMLA interference claim, it noted that Golden had provided no evidence that he ever gave DEP notice that he wished to work less than a seven-hour day on the occasions on which he arrived late to work. Golden v. New York City Dep't of Envtl. Prot., No. 06 Civ. 1587 (DLC), 2007 WL 4258241, at *2 (S.D.N.Y. Dec. 3, 2007). Since Golden had not given notice of his need for leave "as soon as practicable" after the need for leave arose, his interference claim failed. 29 C.F.R. § 825.303(a). As for his claim that his direct supervisor made demeaning comments and gestures regarding Golden's physical condition, it found that Golden had not presented sufficient evidence that his supervisor deterred him from participating in protected activity.

DISCUSSION

The standard for a motion for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Trans., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided," id., nor may the moving party "advance new facts, issues or arguments not previously presented to the Court." Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999) (citation omitted). The decision to grant or deny the motion is within the sound discretion of the district court. See Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 132 (2d Cir. 1999).

The plaintiff does not point to any legal authority or evidence which this Court overlooked in rendering the December 3 decision. Instead, the plaintiff seeks to reargue issues already decided or presents new arguments. Each of Golden's arguments in this motion for reconsideration has been considered and is rejected. His principal arguments are as follows.

First, Golden quarrels with the Opinion's characterization of his behavior. He asserts that he did not leave work early; he simply came to work late and left at his regular time. He

contends that his supervisor did not have authority to place him on a flex-time schedule or to require him to work a full seven hours despite arriving late. According to Golden, the defendant should have applied his accumulated leave to excuse his morning tardiness even without any request from Golden. Finally, he argues that he had no duty to notify the DEP of his intention to work less than seven hours a day since his late arrival at work was due to a medical disability.

Several of these contentions are made for the first time in this motion for reconsideration. In any event, Golden did not dispute in connection with the underlying motion and does not dispute now that he was informed orally and in writing that he had to submit a leave slip if he could not be present for the full seven hours he was required to work each day, and that he did not submit those slips. The FMLA does not excuse an absence when an employee fails to comply with such workplace requirements.

Golden next argues that his disability, uncontrolled shaking from torticollis, contributed to his failure to submit the required leave slips. Golden did not present this argument during the underlying motion practice, and in any event does not now present any explanation of why or how the torticollis actually interfered with him following his supervisor's explicit

and repeated instructions regarding Golden's duty to work seven hours each work day or to submit a leave slip.

Finally, Golden's argument that the DEP failed to comply with its duty to give notice to employees of their rights under the FMLA was addressed and rejected in the December Opinion. To the extent Golden makes new arguments about the defendant's failures in this regard, they are untimely.

CONCLUSION

Golden's December 17, 2007 motion for reconsideration is denied.

SO ORDERED:

Dated:    New York, New York
         March 24, 2008

DENISE COTE
United States District Judge

6

COPIES SENT TO:

Michael Golden
40 Michigan Avenue
Massapequa, NY 11758

Joshua Robert Fay
Assistant Corporation Counsel
City of New York Law Department
100 Church Street
New York, NY 10007